COURT OF APPEALS
DIVISION II
FILED
2014 NOV 18 AM 10: 06
STATE OF WASHINGTON
BY
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 45436-0-II |
| Respondent, | |
| v. | |
| ROBERT L. VANDERVORT, | UNPUBLISHED OPINION |
| Appellant. | |

WORSWICK, P.J. — Robert Vandervort appeals his conviction for unlawful possession of a controlled substance. He argues that the prosecutor committed misconduct by presenting the jury with a false choice, and that he received ineffective assistance of counsel because his attorney failed to object to the prosecutor's rebuttal closing statement. He also appeals his sentencing condition that prohibits him from going into any place whose primary place of business is the sale of liquor. We affirm his conviction, but remand to the trial court to strike the sentencing condition.

## FACTS

On July 10, 2013, Officer Matthew Jewett of the Department of Fish and Wildlife spotted a vehicle about 30 yards off the road on Highway 101 near Purdy Canyon. As he approached the car, Officer Jewett observed a man and a woman sleeping inside. Officer Jewett woke the occupants, asked for their identification, and asked whether either of them had a warrant. The woman did not have identification, but gave her name and date of birth. The man, Robert Vandervort, removed his identification from a backpack and gave it to Officer Jewett. Vandervort

denied having an outstanding warrant. Officer Jewett investigated both names and discovered Vandervort's outstanding warrant. In the meantime, Vandervort fled into the woods.

After backup officers arrived, Officer Jewett found Vandervort about 50 yards from the vehicle, lying face down behind a large tree and holding onto the backpack. Officer Jewett arrested Vandervort and read him his *Miranda*[1] rights. Officer Jewett asked Vandervort how much methamphetamine he had in his backpack. Vandervort answered that there was a small amount and that he would show Officer Jewett where it was, which he did. Officer Jewett found methamphetamine inside a container in the backpack.

The State charged Vandervort with unlawful possession of a controlled substance. At trial, Vandervort asserted the affirmative defense of unwitting possession. Officer Jewett testified, "I asked him about how much meth he had in his backpack and he said it was just a small amount and that he would show me exactly where it was." Report of Proceedings (RP) at 58. Vandervort testified that he told Officer Jewett that the container "may contain meth" because he had smoked methamphetamine with the person who owned the container. RP at 85. He further testified that he was unaware of the contents of the black container because it belonged to someone else. On cross-examination, Vandervort admitted he had lied to Officer Jewett about the outstanding warrant.

During defense's closing argument, counsel raised the issue of Vandervort's credibility and admitted that the State had proven its case, and counsel then discussed the unwitting possession instruction. During the State's rebuttal, the prosecutor said,

> In regards to the unwitting possession defense, that defense is just simply not credible. . . . [I]n regards to on a more probable than not basis whether he had knowledge, for you to find that on a more probable than not basis he did not know

---

[1] *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

the methamphetamine was in his backpack, you would have to be able to explain how it is that Officer Jewett was either mistaken or being dishonest. Because you can't have—there's one truth and three different stories, and you can't have your cake and eat it too, so it's either Officer Jewett is mistaken or being dishonest or the defendant is being dishonest.

It's one or the other, and which is more probable? Is there any motivation on the part of a police officer to come in here and lie? And what motivation does the defendant have? Well, he has a stake in the outcome, and he's shown that he can lie under oath.

RP at 110, 112. A jury found Vandervort guilty of unlawful possession of a controlled substance.

At sentencing, the trial court found Vandervort had a chemical dependency that contributed to the offense. As a condition for community custody, the trial court ordered Vandervort to stay away from places whose primary business is the sale of liquor.

ANALYSIS

Vandervort appeals his conviction, arguing that the prosecutor committed misconduct in his closing arguments, and that Vandervort received ineffective assistance of counsel when his attorney did not object to the State's closing argument. He also appeals his community custody condition requiring him to abstain from entering businesses that sell liquor. The State concedes that the trial court did not have the authority to impose this sentencing condition.

PROSECUTORIAL MISCONDUCT

When a defendant asserts a claim of prosecutorial misconduct, the defendant must prove that the prosecutor's conduct was both improper and prejudicial. *State v. Emery*, 174 Wn.2d 741, 756, 278 P.3d 653 (2012) (citing *State v. Thorgerson*, 172 Wn.2d 438, 442, 258 P.3d 43 (2011)). Allegedly improper conduct should be viewed "within the context of the prosecutor's entire argument, the issues in the case, the evidence discussed in the argument, and the jury instructions." *State v. Dhaliwal*, 150 Wn.2d 559, 578, 79 P.3d 432 (2003) (citing *State v. Pirtle*, 127 Wn.2d 628, 672, 904 P.2d 245 (1995)). To establish prejudice, the defendant must prove that there was a

3

substantial likelihood that the prosecutor's misconduct affected the jury's verdict. *Thorgerson,* 172 Wn.2d at 442-443. Prosecutors are presumed to act impartially in the interest of justice. *Thorgerson,* 172 Wn.2d at 443. When the defendant does not object at trial, any error is deemed waived "unless the prosecutor's misconduct was so flagrant and ill intentioned that an instruction could not have cured the resulting prejudice." *Emery,* 174 Wn.2d at 760-761 (citing *State v. Stenson,* 132 Wn.2d 668, 727, 940 P.2d 1239 (1997)).

A prosecutor commits misconduct if he or she argues that to acquit a defendant, the jury must find that the State's witnesses are either lying or mistaken. *State v. Fleming,* 83 Wn. App 209, 213, 921 P.2d 1076 (1996). However, an argument that to believe a defendant, the jury would need to believe that the State's witnesses are mistaken, does not constitute misconduct. *State v. Wright,* 76 Wn. App. 811, 824, 888 P.2d 1214 (1995). Additionally, remarks by the prosecutor, including those that would otherwise be improper, are not grounds for reversal where they are invited by and responded to with remarks by defense counsel, unless they bring in additional matters beyond the record or are "so prejudicial that an instruction would not cure them." *State v. La Porte,* 58 Wn.2d 816, 822, 365 P.2d 24 (1961).

This case is similar to *Wright.* There, the prosecutor argued that in order to believe the defendant, "the jury would have to believe that the officers got it wrong." *Wright,* 76 Wn. App. at 823 (internal quotation marks omitted). This was distinguishable from a prosecutor saying that to find a defendant not guilty, the jury would have to believe that the officers were lying. *Wright,* 76 Wn. App. at 823. Because Vandervort asserted an unwitting possession defense, his defense relied on his credibility. The only evidence tending to prove an unwitting possession defense was Vandervort's own testimony. His defense depended on whether the jury found his version of events credible when he testified he did not know what was in the container containing the

methamphetamine, and that it belonged to someone else. Defense counsel raised the issue of Vandervort's credibility in his closing. The prosecutor, in turn, brought up the issue of conflicting testimony as it related to the defendant's credibility. The prosecutor's reference to the conflicting testimony between Officer Jewett and Vandervort in rebuttal closing was not misconduct.

## INEFFECTIVE ASSISTANCE OF COUNSEL

To succeed on an ineffective assistance of counsel claim, a defendant must show both that counsel's representation was deficient, and that this deficiency prejudiced the defendant. *State v. McFarland*, 127 Wn.2d 322, 334-335, 899 P.2d 1251 (1995). If a defendant makes an insufficient showing on one prong, we need not address the other. *State v. Garcia*, 57 Wn. App. 927, 932, 791 P.2d 244 (1990). Because Vandervort has failed to prove that the prosecutor committed misconduct, there was no basis for an objection. Therefore, counsel's performance could not have been deficient. Vandervort's ineffective assistance of counsel claim fails.

## SENTENCING CONDITION

Vandervort also argues that the trial court acted without authority when it ordered him not to frequent places whose primary business is the sale of liquor. The trial court has the statutory authority to impose crime-related prohibitions as conditions for community custody. RCW 9.94A.703(3)(f). However, there is nothing in the record showing that alcohol contributed to Vandervort's possession of a controlled substance offense, or that he suffers from alcohol dependency. Accordingly, we accept the State's concession and remand to the trial court to strike the community custody condition requiring Vandervort to stay away from businesses that sell liquor.

## CONCLUSION

We affirm Vandervort's conviction because the prosecutor's remarks were not improper. We accept the State's concession regarding the community custody condition, and remand to the trial court to strike the condition ordering Vandervort to stay away from businesses that sell alcohol.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Worswick, P.J.

We concur:

Lee, J.

Sutton, J.